# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

IN RE: CELLA III, LLC            CIVIL ACTION

                                         NO. 19-14380-WBV-JVM

                                         SECTION: D (1)

## ORDER AND REASONS

Before the Court is a Motion for Leave to File Interlocutory Appeal, filed by defendant, Jefferson Parish Hospital District #2, Parish of Jefferson, State of Louisiana, d/b/a East Jefferson General Hospital ("EJGH").[1] Plaintiff, Cella III, LLC ("Cella"), opposes the Motion.[2] After careful consideration of the Motion, the parties' memoranda and the applicable law, the Motion is **DENIED**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This matter arises from an adversary proceeding currently pending before the United States Bankruptcy Court for the Eastern District of Louisiana (the "Bankruptcy Court").[3] On or about September 12, 2018, Cella filed a Petition for Declaratory Judgment, Breach of Contract of Lease and Damages in the Twenty-Fourth Judicial District Court for the Parish of Jefferson, Louisiana.[4] Cella removed the matter to this Court on July 18, 2019, which was assigned to Civil Action No. 19-

---

[1] R. Doc. 1.
[2] R. Doc. 2.
[3] *See* R. Doc. 1-4.
[4] R. Doc. 1 at ¶ 2; *See* R. Doc. 1-1 in Civ. A. No. 19-11743-WBV-JVM, *Cella III, LLC v. Jefferson Parish Hospital Service District No. 2* (E.D. La.) (hereinafter, "*Cella I*").

11743-WBV-JVM (E.D. La.).[5]  On July 31, 2019, EJGH filed a Motion to Remand to State Court, or in the Alternative, Motion for Abstention (the "Motion to Abstain"), asking this Court to remand the case back to state court under 28 U.S.C. §§ 1334(c)(2) and 1452 or, in the alternative, to abstain from hearing the matter pursuant to 28 U.S.C. § 1334(c).[6]  On October 23, 2019, this Court referred the matter to the United States Bankruptcy Court for the Eastern District of Louisiana.[7]  The Bankruptcy Court held a hearing on the Motion to Abstain on November 12, 2019, and issued an Order denying the Motion to Abstain on November 13, 2019.[8]

On December 10, 2019, EJGH filed the instant Motion, seeking leave to appeal the Bankruptcy Court's decision denying the Motion to Abstain in accordance with 28 U.S.C. § 158(a) and Rule 8004 of the Federal Rules of Bankruptcy Procedure.[9] EJGH asserts that the Bankruptcy Court erred and that mandatory abstention is appropriate in this case under 28 U.S.C. § 1334(c)(2), which requires a federal court to abstain from hearing a proceeding that: (1) is a non-core matter based upon state law; (2) could not have been commenced in a federal court absent jurisdiction under § 1334; and (3) is an action that is commenced in, and can be timely adjudicated in, state court.[10]  EJGH claims that all three factors are met in this case.[11]  EJGH also claims that the Bankruptcy Court erred and that permissive abstention is appropriate under 28 U.S.C. § 1334(c)(1) under the factors enumerated in *Browning*

---

[5] R. Doc. 1 at ¶ 3; *See* R. Doc. 1 in *Cella I*.
[6] R. Doc. 1 at ¶ 4; *See* R. Doc. 5 in *Cella I*.
[7] R. Doc. 18 in *Cella I*.
[8] R. Doc. 1 at ¶ 6; *See* R. Doc. 1-4 at p. 3 (Record Document No. 11).
[9] R. Doc. 1.
[10] *Id.* at ¶ 7.
[11] R. Doc. 1-1 at ¶ 25.

*v. Navarro*, 743 F.2d 1069 (5th Cir. 1984), which weigh in favor of abstention.[12] EJGH argues that the Bankruptcy Court's Order denying the Motion to Abstain is an appealable interlocutory decision because it involves a controlling question of law as to which there is a substantial ground for difference of opinion, and because the immediate resolution of this issue may materially advance the ultimate termination of the litigation.[13] EJGH also asserts that the controlling issues of law are whether the Bankruptcy Court was required to abstain under 28 U.S.C. § 1334(c)(2) because Cella's state law cause of action is a non-core matter, it was commenced in state court, and it is capable of being timely adjudicated in state court, and whether it should have abstained under 28 U.S.C. § 1334(c)(1) for issues of comity and judicial efficiency.[14] EJGH claims that the Bankruptcy Court's Order is interlocutory because it will require further adjudication of issues in dispute.[15] EJGH notes that a resolution of this issue may terminate the present adversary proceeding entirely.[16]

Cella opposes the Motion, asserting that the Fifth Circuit has held that interlocutory, collateral or non-final orders may be appealed from only if they: (1) determine conclusively the disputed issue; (2) resolve an issue that is separable completely from the merits of the action; (3) effectively would be unreviewable on appeal from a final judgment; and (4) are too important to be denied review.[17] Cella

---

[12] R. Doc. 1 at¶ 7.

[13] R. Doc. 1 at ¶¶ 8, 9 (quoting *In re Midgard Corp.*, 204 B.R. 764, 769 (B.A.P. 10th Cir. 1997)); R. Doc. 1-1 at ¶¶ 24, 26.

[14] R. Doc. 1 at ¶ 11; R. Doc. 1-1 at ¶¶ 25, 26.

[15] R. Doc. 1-1 at ¶ 20.

[16] *Id*. at ¶ 25.

[17] R. Doc. 2 at p. 2 (quoting *In the Matter of Rupp & Bowman Co. (Schuster v. Mims)*, 109 F.3d 237, 240 (5th Cir. 1997)) (quotation marks omitted).

argues that the Fifth Circuit has addressed the exact issue raised in EJGH's Motion, and has held that it lacks appellate jurisdiction over a bankruptcy court's decision not to abstain.[18] Cella asserts that the instant Motion must be dismissed for lack of jurisdiction for the same reasons outlined by the Fifth Circuit in that case.[19]

## II. LEGAL STANDARD

Title 28, United States Code, Section 158(a) governs the jurisdiction of this Court over an appeal from a bankruptcy court's order. Section 158(a) provides that district courts have jurisdiction to hear appeals from interlocutory orders and decrees of bankruptcy judges. Under § 158(a), a party may appeal an interlocutory order of the bankruptcy court only "with leave of court." "The decision to grant or deny leave to appeal a bankruptcy court's interlocutory order is committed to the district court's discretion."[20] While § 158(a) and the Federal Rules of Bankruptcy Procedure do not expressly indicate the standard that should be used in considering whether to grant leave to appeal interlocutory orders from a bankruptcy court, the Fifth Circuit has stated that, "the vast majority of district courts faced with the problem have adopted the standard under 28 U.S.C. § 1292(b) for interlocutory appeals from district court orders."[21]

---

[18] R. Doc. 2 at 2 (citing *Rupp & Bowman Co.*, 109 F.3d at 240).
[19] R. Doc. 2 at p. 2 (citing *Rupp & Bowman Co.*, 109 F.3d at 240).
[20] *In re O'Connor*, 258 F.3d 392, 399-400 (5th Cir. 2001).
[21] *Matter of Ichinose*, 946 F.2d 1169, 1176-77 (5th Cir. 1991) (citations omitted); *See, e.g., In re Cent. Louisiana Grain Co-op, Inc.*, 489 B.R. 403, 408 (W.D. La. 2013). *See In re Verges*, Civ. A. No. 07-0960, 2007 WL 955042, at *1 (E.D. La. Mar. 27, 2007); *Babin v. Hattier*, Civ. A. No. 93-4137, 1994 WL 43810, at *1 (E.D. La. Feb. 8, 1994); *Harang v. Schwartz*, Civ. A. No. 13-58, 2013 WL 4648549, at *2 (E.D. La. Aug. 29, 2013).

In accordance with § 1292(b), a district court must consider the following three elements in determining whether to permit an interlocutory appeal of a bankruptcy order: (1) whether a controlling issue of law is involved; (2) whether the question is one where there is substantial ground for difference of opinion; and (3) whether an immediate appeal would materially advance the ultimate termination of the litigation.[22] All three grounds in § 1292(b) must exist in order for the court to consider and grant an interlocutory appeal.[23] As with interlocutory appeals from district courts, bankruptcy interlocutory appeals are generally not favored because they disrupt the bankruptcy proceedings.[24] Thus, some courts will grant interlocutory appeals only in "exceptional situations."[25]

## III.  ANALYSIS

The Court finds that EJGH has failed to demonstrate exceptional circumstances to justify granting it leave to appeal the Bankruptcy Court's Order on the Motion to Abstain.  Specifically, EJGH has not shown that the three elements set forth in 28 U.S.C. § 1292(b), (1) whether a controlling issue of law is involved; (2) whether the question is one where there is substantial ground for difference of opinion; and (3) whether an immediate appeal would materially advance the ultimate termination of the litigation which this Court must consider in determining whether to allow an interlocutory appeal of a bankruptcy decision, are met in this case.  EJGH

---

[22] *Ichinose*, 946 F.2d at 1177.
[23] *In re Cent. Louisiana Grain Co-op, Inc.*, 489 B.R. 403, 411 (W.D. La. 2013).
[24] *See In re Cross*, 666 F.2d 873, 878 (5th Cir. Unit B 1982); *In re Executive Officer Centers, Inc.*, 75 B.R. 60 (E.D. La. 1987).
[25] *In re Cent. Louisiana Grain Co-op, Inc.*, 489 B.R. at 408.

asserts that the Bankruptcy Court's decision to deny mandatory and permissive abstention is a controlling question of law as to which there is a substantial ground for difference of opinion, and that the immediate resolution of this issue may materially advance the ultimate termination of the litigation.[26] EJGH also asserts that:

> The controlling issues of law are whether the Bankruptcy Court was required to abstain under 28 U.S.C. § 1334(c)(2) because the Debtor's State law cause of action is a non-core matter for which sole basis of Federal jurisdiction is section 1332, had been commenced in State Court, and is capable of being timely adjudicated in State Court, and whether it should have abstained under 28 U.S.C. § 1334(c)(1) for issues of comity and judicial efficiency.[27]

These conclusory statements, however, merely assert the controlling issue of law involved in this case (abstention), and that the Bankruptcy Court erred by not abstaining from hearing the case. EJGH does not offer any argument or authority that the Order from which he seeks relief involves a controlling question of law as to which there is a substantial ground for difference of opinion.

The Court finds that leave to appeal should be denied because the Bankruptcy Court's Order from which EJGH seeks relief was a straightforward Order on a rather routine Motion to Abstain. There is no "substantial ground for difference of opinion" involved here.[28] Such grounds exist: (1) when a lower court rules in a way that appears to conflict with the rulings of all appellate courts that have decided the issue;

---

[26] R. Doc. 1 at ¶¶ 8, 9; R. Doc. 1-1 at ¶¶ 24, 26.

[27] R. Doc. 1 at ¶ 11; R. Doc. 1-1 at ¶ 25.

[28] *Chambers v. First United Bank & Trust Co.*, Civ. A. No. 4:08-mc-007, 2008 WL 5141264, at *2 (E.D. Tex. Dec. 5, 2008).

(2) when the circuits are in dispute and the Court of Appeals of the relevant circuit has not decided the issue; (3) when complicated issues of foreign law arise; or (4) when the case presents difficult questions of first impression.[29]  The law to be applied in the decision of a motion to abstain is well-settled.  Here, Cella claims the Bankruptcy Court erred in its application of the facts, determined from the parties' briefs and at the hearing on the Motion to Abstain, to that law.  EJGH has asserted no more than a disagreement with the Bankruptcy Court's resolution of its Motion to Abstain, which is insufficient to demonstrate "a substantial disagreement."[30]  Accordingly, the Court finds that leave to appeal should be denied because EJGH merely argues regarding the correctness of the Bankruptcy Court's ruling, not the propriety of granting leave under the standard set forth in 28 U.S.C. § 1292(b).

The Court further finds that EJGH identifies no evidence, and presents no argument, that an appeal of the Bankruptcy Court's Order on the Motion to Abstain would materially advance the ultimate resolution of the matter.  In light of the fact that this matter is scheduled for a three-day trial before the Bankruptcy Court to begin on April 20, 2020,[31] and that the parties would need to submit briefs prior to this Court considering the appeal, granting leave to appeal the Bankruptcy Court's Order would likely cause delay, rather than materially advance, the ultimate termination of the litigation.[32]  The Court finds that judicial economy, efficiency, and

---

[29] *Dorsey v. Navient Solutions, Inc.*, Civ. A. No. 15-2898, 2015 WL 6442575, at *2 (E.D. La. Oct. 23, 2015) (citing *In re Cent. Louisiana Gran-Co-Op, Inc.*, 489 B.R. at 412).

[30] *Chambers v. First United Bank & Trust Co.*, Civ. A. No. 4:08-mc-007, 2008 WL 5141264, at *2 (E.D. Tex. Dec. 5, 2008) (quoting *Dupree v. Kaye*, Civ. A. No. 3:07-CV-0768-B, 2008 WL 294532 (N.D. Tex. Feb. 4, 2008)).

[31] R. Doc. 1-3 at p. 3 (Record Document No. 12).

[32] *See Free v. Winborne*, Civ. A. No. 17-918, 2017 WL 3597883, at *2 n.6 (W.D. La. Aug. 18, 2017).

the interests of the parties in obtaining an overall conclusion of the bankruptcy proceeding weigh in favor of allowing the Bankruptcy Court to proceed and to complete the case in its entirety.[33]

In light of the above, the Court finds that the Bankruptcy Court's Order denying EJGH's Motion to Abstain does not qualify for interlocutory appeal under 28 U.S.C. § 1292(b).

## IV. CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that the Motion For Leave to File Interlocutory Appeal[34] is **DENIED.**

New Orleans, Louisiana, January 14, 2020.

**WENDY B. VITTER**
**United States District Judge**

---

[33] *See In Re: Babcock & Wilcox Co.*, Civ. A. 04-302 (E.D. La.) (R. Doc. 3)
[34] R. Doc. 1.